UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL D. GOINS, | ) | C/A No.: 4:14-2062-RMG-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| WARDEN LARRY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* Petitioner filed a petition for writ of habeas corpus on May 28, 2014, pursuant to 28 U.S.C. § 2254[1]. Respondent filed a motion to dismiss the petition on December 1, 2014. The undersigned issued an order filed December 2, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on December 18, 2014. As matters outside of the pleadings were submitted by the parties, the court issued an order on January 5, 2015, advising the parties that the court would construe the motion to dismiss as a motion for summary judgment under the standard set forth in Rule 56 of the Federal Rules of Civil Procedure. The parties were given time to submit any additional

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

response or evidence in accordance with Rule 56. (Doc. #25). Respondent filed a supplemental response in support of the motion for summary judgment on February 5, 2015. (Doc. #34).

## ANALYSIS

Respondent seeks a dismissal of Petitioner's federal habeas petition asserting that Petitioner cannot bring a claim sounding in habeas because he did not lose any good time credits triggering habeas jurisdiction.

Petitioner is currently incarcerated at the Perry Correctional Institution "PCI." On June 6, 2012, Petitioner was convicted of offense 854, Exhibitionism and Public Masturbation. Petitioner asserts that his constitutional due process rights were violated when the witness who allegedly saw Petitioner committing the alleged infraction, Nurse Faith Chappelle, was "neither present at the hearing nor was she notified to write an written statement to be submitted at the hearing." (Doc. #24, p. 3). Petitioner seeks to have his sentence from the administrative disciplinary action offense for exhibitionism and public masturbation "reversed, remanded and vacated." (Docs. #1 and #24). Respondent filed a motion to dismiss asserting that Petitioner did not lose any good time credits and, therefore, cannot bring a claim sounding in habeas.

Petitioner filed a response in opposition to the motion to dismiss asserting that

while he did not lose any good time credit, he failed to "'earn' any good time credits for the month of June 2012 because of his erroneous and arbitrary conviction of an frivolous 854 offense." (Doc. # 24, p. 1). Thus, Petitioner concedes that he did not lose any good time credits for the conviction referenced in his petition.

Respondent filed a supplemental response and attached exhibits asserting that Petitioner is incorrect that a failure to earn good time credits has extended his incarcerative time. Respondent contends that the referenced charge that is the subject of this habeas petition, being case 92, was heard and decided on June 12, 2012. (Doc. # 34 with attachments; exhibit 34-2, e-mail from Records Branch Chief). Petitioner could not have forfeited any more good time credits for that offence because he was convicted of case ninety (90) for the same type offense and convicted on June 7, 2012, resulting in a loss of thirty-six (36) days of good time and failed to earn three (3), for a total forfeiture of thirty-nine (39) days of credit. Id. Because of the Department's processing cycle for applying deductions or credits of sentence-related credits, the processing cycle for Petitioner ran from May 12, 2012, until June 11, 2012. Id. In that single processing period, Petitioner had already forfeited three (3) total possible days of good time credit he could have earned during that time. Id. Therefore, Respondent argues that when Petitioner was convicted in this case, case 92, it was impossible for him to fail to earn three (3) days of good time credit since those three (3) days had

already been forfeited. Therefore, it is not possible that case 92 resulted in either the deduction of already earned good credits or the forfeiture of the 3 good time credits yet to be earned.

Habeas corpus is the appropriate mechanism for a state prisoner to challenge "the fact or duration of his confinement," which includes a loss of good time credits. Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); see also Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In this case, Petitioner did not lose any good time credits, but Petitioner asserts he lost the ability to "earn" good time credits for the month of June. The South Carolina Supreme Court held that "'an inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest.'" Abdullah v. Thomas, 2013 WL 5948122 (D.S.C. Nov. 5, 2013) (quoting Howard v. South Carolina Dep't of Corr., 399 S.C. 618, 733 S.E.2d 211, 217 (S.C.2012)). Because Petitioner has failed to show that the challenged disciplinary conviction enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause, it is recommended that this petition be dismissed.

## CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #20) be GRANTED and Petitioner's petition for Writ of Habeas Corpus be denied, and this petition dismissed.

                                              Respectfully submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III

February 11, 2015                     United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**